## L. D. GULLY v. WILLIS COLE.

### *Homestead.*

1. Where the homestead has once been regularly allotted and set apart, it cannot be re-allotted at the instance of a judgment creditor whose debt was in existence when the allotment was made, except for fraud or other irregularity.

2. *Quære*, as to the equitable remedy which creditors might have. if the homestead had increased in value since its allotment.

APPEAL from the allotment of a homestead, heard before *Clark, Judge,* at October Term, 1885, of WAYNE Superior Court.

The material facts are, that in 1879, J. M. Powell, having obtained a judgment for money in the Superior Court of the county of Wayne, against the defendant, an execution thereupon duly issued to the sheriff of that county, and the defendant therein—the present defendant—owning a tract of land and having a homestead thereon, the same was duly valued and laid off to him, and it embraced one hundred

and ninety-five acres. It is not alleged, nor was there evidence to prove, that the homestead has increased in value since it was laid off, nor is there any suggestion of fraud or irregularity in any respect in laying it off. Subsequently, the present plaintiff, having obtained judgment in the same Court against the defendant, founded on a debt existing at the time the homestead above mentioned was laid off, an execution issued thereupon to the sheriff of the same county, and he proceeded under the last named execution to summon appraisers and lay off the defendant's homestead a second time in the same land, as if no homestead had ever theretofore been laid off therein to the defendant. The defendant objected to the second proceeding, contending that the same was wholly unwarranted by law, and that his homestead laid off to him as first above mentioned, was wholly exempt from sale under the plaintiff's execution, or other like executions, and could not be lawfully disturbed by an execution creditor.

Upon such objection, and exceptions to the report of the appraisers, the Court decided, that it was competent thus to lay off the homestead of the defendant a second time in the same land at first designated as and for his homestead, and the report of the appraisers being insufficient, it made an order directing them to re-assemble and lay it off according to law. The defendant excepted and appealed to this Court.

No counsel for the plaintiff.
*Messrs. C. B. Aycock* and *E. R. Stamps,* for the defendant.

MERRIMON, J., (after stating the facts). The Constitution, (Art. IV.), secures a homestead, not exceeding in value one thousand dollars to the owner thereof, to be exempt from sale under execution or other final process obtained on any debt, subject to certain exceptions not necessary to be mentioned here. In aid of this constitutional provision, the

statute (*The Code*, §§501–524), prescribes with much particularity and detail how the homestead thus allotted shall be ascertained and laid off to the owner thereof, and §523, having reference to such ascertainment, provides, that " any appraisal, or allotment by appraisers or assessors, herein before provided, may be set aside for fraud, complicity or other irregularity ; but whenever any allotment or assessment shall be made or confirmed by the Superior Court at Term time, as herein before provided, the said homestead shall not thereafter be set aside or again laid off by any creditor." It is further provided by §524, that " when the homestead and personal property exemption shall be decided by the Court at Term time, the clerk of the Superior Court shall immediately file with the register of deeds of the county, a copy of the same, which copy shall be registered as deeds are now registered by law ; and in all judicial proceedings, the original, or a certified copy of said returns, may be introduced in evidence "

The purpose to give the appraisal and allotment of the homestead, fixedness and permanency—to designate where the homestead is—to settle its value and what it embraces— plainly appears from the statutory provisions cited. Reasonable opportunity is afforded to all creditors existing at the time of the appraisal and allotment thereof, to appear, contest, and scrutinize the right of the person claiming it. If they appear and contest unsuccessfully, or if they decline to interpose objections within the time, and in the way prescribed, they must be concluded, except that they, or any one or more of them, may afterwards question the appraisal, or the allotment. and have the same " set aside for fraud, complicity, or other irregularity " made to appear in a proper way.

The report of the appraisal or allotment, whether made by the sheriff and the appraisers simply, (*The Code*, §504),. or by confirmation of the Superior Court in Term time, is.

29

required to be registered, the object being to give notice to all persons dealing with the owner of the homestead, that it is his homestead, not subject to be sold " under execution " or other final process, obtained on any debt against him.

Moreover, such provision is reasonable and just. The law intends that the persons to be benefited by the homestead, shall have the full measure of benefit that may justly arise from it. This end would be poorly secured, if every creditor could have a re-appraisal and allotment at his will and pleasure. If this were allowed, there would be no stability to the right intended to be established. One set of appraisers would make one appraisal and allotment to-day—a different set might make different ones next week, and a third set different ones next month. Such a practice would impair the right, and rob the beneficiaries of the benefit and satisfaction of having a home secure.

In this case, it is not alleged that the appraisal or allotment of the homestead is affected with fraud, or in any way with irregularity. Nothing to the contrary appearing, it must be taken that these things were done fairly and in the regular way prescribed by the statute, and the report thereof duly registered; and being so, the appellee has no right to have appraisal and allotment of the homestead of the appellant set aside, or the same done a second time. The statute makes no provision in such case for laying off the homestead a second time.

What equitable remedy, if any, the creditors might have, if the homestead property had greatly increased in value since the appraisal thereof, we are not now called upon to decide.

There is, therefore, error.

Let this opinion be certified to the Superior Court according to law. It is so ordered.

Error.                                             Reversed.