It appeared in testimony, and by the admission of all parties, that one of the defendants (Vanstory) herein had recovered a judgment herein against the plaintiff, which had been duly docketed in the Superior Court for said county, and execution issued thereon; that on 4 March, 1890, under said execution, the homestead exemption of the plaintiff was set apart by the sheriff and appraisers, and returned to the office of the clerk. In due time and place the plaintiff filed objections and exceptions to said appraisement, and appealed to this Court, and the same was duly docketed for trial. On the trial the plaintiff offered in evidence the record of an assignment of a homestead, dated 20 April, 1885. It was admitted that the plaintiff's homestead, had been duly and legally set apart under another execution, and the record thereof registered 20 April, 1885. It was admitted that the last-named assignment of homestead, by its metes and bounds, covered the entire dwelling-house and residence lot of the plaintiff as described therein.
It was admitted that the assignment of homestead, dated 4 (332) March, 1890, included in its metes and bounds a little more than half of the said lot, and that the line ran through the dwelling-house, dividing it into two parts, giving the plaintiff the eastern part of the lot, and a side entrance to the dwelling, and one-half of the stairway, and the entire kitchen.
There was evidence on the part of the plaintiff tending to prove that the part assigned to him 20 March, 1890, was not worth $1,000; there was evidence on part of the defendant that said part was fully worth $1,000, and that the entire lot, both parts together, is worth from $1,750 to $2,500 at this date.
It is admitted that the debt upon which defendant Vanstory recovered judgment against the plaintiff, referred to above, is founded on a debt contracted since the allotment of homestead in April, 1885, increased in value over and above $1,000 and offered to prove these facts in support thereof, viz.: That there was a dwelling-house on said lot on 20 April, 1885, included in said assignment, and allotted to plaintiff; that since then it had been burned and entirely destroyed; that the plaintiff had erected a new dwelling-house thereon since the old one was burned, containing eight rooms, which could not have been allotted on 20 April, 1885, and worth at least $600 to $800 more than the old one, and that the lot and property had then increased in value $600 to $800, and that the whole lot assigned in April, 1885, the old dwelling being burned and the new dwelling erected thereon, is worth from $1,750 to $2,500 at date of January, 1890, allotment. There was no answer or pleading of any kind filed herein on the part of the defendant setting up such *Page 260 
facts, and no equitable or other proceedings appear to have been commenced by him, seeking to set aside the allotment of 20 April, 1885, on such ground, or asking a reallotment. Gully v. Cole, 96 N.C. 447. The court refused to submit the said issue, and excluded such (333) testimony, to which defendant excepted.
The due and regular allotment of homestead of 20 April, 1885, being admitted by the defendant, the court gave judgment setting aside the allotment of 4 March, 1890, and gave judgment against the defendant Vanstory for costs. The defendant appealed to the Supreme Court.
Where a homestead has been allotted in the manner prescribed in chapter 10 of The Code, the time for filing objections has passed, and the return of the appraisers has been registered, as in this case, a second allotment made by appraisal, in the manner prescribed in said chapter, at the instance of a judgment creditor, will be treated as void, though his judgment may have been rendered and docketed after the homestead was first laid off. In such a case, where the creditor files objections to the return of the appraisers so appointed at his instance, and offers proof tending to show that by the return the appraisers assigned to the "homesteader" land worth more than one thousand dollars, the courts will not treat such objections filed as raising an issue as to the value, for the jury. Gulleyv. Cole, 102 N.C. 333; ib., 96 N.C. 447; Ray v. Thornton, 95 N.C. 571.
There was no error in the refusal of the court below to submit the issue tendered to the jury, nor in the order setting aside the second allotment as void.
Affirmed.
Cited: Aiken v. Gardner, post, 239; Vanstory v. Thornton, 110 N.C. 12.
(334)