C. P. VANSTORY v. A. G. THORNTON.

*Constitution—Homestead—Jurisdiction.*

1. It is the purpose of the Constitution in providing a homestead that the homesteader shall have secured to him, as against his creditors generally, real property *not exceeding in value one thousand dollars.*

2. When a homestead has once been duly allotted, its character in respect to *value* and *extent* becomes thereby fixed, and cannot be changed by subsequent allotment.

3. But when the homestead has once been designated, and the homesteader subsequently puts substantial improvements thereon in the form of buildings whereby a value much greater than one thousand dollars is imparted to the property, his creditors have the right to have the money or property so placed on the homestead applied to the satisfaction of their debts.

4. The right of the creditor to proceed against the property so added to the homestead is not by execution, but by an action invoking the equitable jurisdiction of the Courts.

CIVIL ACTION, heard upon complaint and demurrer at May Term, 1891, of CUMBERLAND Superior Court, *Armfield, J.,* presiding.

The complaint alleges, in substance, that the defendant's homestead and personal property exemption were duly laid off to him on the 20th day of April, 1885; that the homestead embraced the land specified; that afterwards, the dwellings and buildings so laid off were burned and destroyed; that at the time of the said laying off the plaintiff was not a creditor of the defendant; that after such buildings were so burned and destroyed, the defendant erected on the said homestead land a large and valuable dwelling-house, making the land and dwelling thereon of the value of $2,500; that afterwards, the plaintiff obtained his judgment for $978.20, and interest and costs in the Superior Court of the county of Cumberland, against the defendant and another, and the same was duly docketed on the 6th day of May, 1889;

that this judgment has not been paid; that an execution was issued thereupon, and the same had been returned unsatisfied; that the said land and premises have not, in legal effect, ever been laid off to the defendant as and for his homestead; that the plaintiff never had any notice of the laying off of the same; that the improvements on the said land have been placed there since the laying off of the said homestead, etc.   The plaintiff demands judgment that the defendant's homestead be re-appraised and laid off to him, and that any surplus of the premises be sold to satisfy the plaintiff's said judgment, and for general relief, etc.

The defendant demurs to the complaint, and assigns as ground of his demurrer that the said premises were laid off to him, as appears by the complaint, on the 20th of April, 1885, as and for his homestead, and he is entitled to have the same exempt from sale under execution or other final process, etc., by virtue of the Constitution, etc.   The Court sustained the demurrer, and gave judgment accordingly. The plaintiff excepted, and appealed.

*Mr. T. H. Sutton,* for plaintiff.
*Mr. R. P. Buxton,* for defendant.

MERRIMON, C. J.—after stating the case: The Constitution (Art. 10, § 2) provides that " every homestead and the dwellings and buildings used therewith, not exceeding in value one thousand dollars, to be selected by the owner thereof, or in lieu thereof, at the option of the owner, any lot in a city, town or village, with the dwelling and buildings used thereon, owned and occupied by any resident of this State, and not exceeding the value of one thousand dollars, shall be exempt from sale under execution or other final process obtained on any debt," etc.   Thus the Constitution defines and limits what shall constitute the *homestead* in this State exempt from sale under execution or other final process.   Such exemption

does not extend to certain excepted cases, that need not be mentioned particularly here. The statute (*The Code*, § 502, 524) prescribes how this homestead shall be valued and laid off to the person entitled to have the same.

It is to be observed, in the present connection, that a distinct and clear part of the purpose of the clause above recited is to provide that the homestead, wherever situate, and the dwelling and buildings used therewith, shall be so exempt, but such exemption does not extend to the whole of the debtor's homestead, unless it be of value less that one thousand dollars. The provision is express and clear in its terms that the homestead is so exempt, " *not exceeding in value one thousand dollars*, to be selected by the owner thereof." He is entitled to have and enjoy that much, not more, of his homestead, exempt from such sale for the time and in the way prescribed.

When and as soon as his homestead so exempt is valued and completely laid off to him, it is permanently ascertained and established, and cannot " thereafter be set aside or again laid off by another creditor." *The Code*, §§ 504, 523; *Gulley* v. *Cole*, 96 N. C., 447; *Gulley* v. *Cole*, 102 N. C., 333; *Thornton* v. *Vanstory*, 107 N. C., 331. It is so established as to *extent* and *value*, as well as in other respects, and cannot be extended as to quantity or enlarged as to value by a re-valuation under the statute or otherwise, because the Constitution expressly provides and declares that it shall not exceed the value specified, not simply at the time of valuation, but ever thereafter while the exemption prevails. The purpose is to exempt that much and no more. There is nothing in the terms of the clause of the Constitution above recited, or in the nature of its purpose, or in the statute pertinent, that suggests or implies any purpose to give the debtor in any way or manner a larger exemption from such sale than that expressed with so much clearness and precision in the Constitution. There is certainly nothing appearing, in terms or

by reasonable implication, that makes manifest a purpose to allow the debtor to erect for any purpose buildings of great value on the land so exempt, and thus enhance its value, three, five, ten or one hundred fold, and by such means shield such property from his creditors.   The fair, just and reasonable-implication is that the homestead exempt must continue substantially as to its value as it was at the time it was laid off to the debtor.   Otherwise, he might have and enjoy the exemption of a homestead of the value of two or ten thousand dollars, instead of simply one thousand dollars.   To allow more would be to defeat the just purpose of the Constitution and subvert common justice.

When, therefore, the defendant constructed upon the land laid off to him as his homestead, exempt from sale under execution or other final process, a dwelling-house or other buildings, that became part of the land, thus making it of much greater value than one thousand dollars, he did so in his own wrong as to his creditors, including the plaintiff. The law does not allow him to have and enjoy a homestead as against his creditors of greater value than one thousand dollars.   The property, including money, that he had beyond his homestead and personal property exemptions, he was bound to apply to the payment of his debts.   Hence, the plaintiff is entitled to have so much of the property as he had placed upon and made part of his homestead as substantially made the land of greater value than one thousand dollars, applied to the satisfaction of his debt so far as the same may be adequate for the purpose.   As we have seen, the defendant could not shield his property, whether money or other things, from the just demands of the plaintiff by making it part of his homestead.   It is not to be understood, however, that the homestead may be disturbed for slight enhancement of its value, as by ordinary repairs, slight improvements, such as clearing land in the usual course of husbandry, and the like.   Such increase must be substantial and extra-

ordinary to warrant interference such as that here indicated. The plaintiff cannot, however, enforce his demand by the ordinary process of execution against property, because the homestead of the defendant is not liable to sale under such execution, and the Sheriff cannot see and sell such part of the defendant's property as he improperly, as to the plaintiff, put upon and made part of his homestead. This must, in some appropriate way, be ascertained and sold before it can be applied to the payment of the plaintiff's debt. The defendant admits, by his demurrer, for the present purpose, that he has substantially increased the value of his homestead, to the prejudice of the plaintiff. He thus admits that he has property that he unjustly refuses to apply to the satisfaction of the plaintiff's judgment. He has property that he ought to so apply, and he refuses to do so.

If it shall turn out that the defendant has increased the value of his homestead to the prejudice of the plaintiff, as the latter alleges, the Court will have power to direct all proper accounts to be taken, to appoint commissioners to ascertain what additional value has been imparted to the homestead by the improvements placed upon it, and to direct a sale of the excess as to the best advantage of the parties. If some part of the land must be sold, it will be because of the wrongful conduct of the defendant. He cannot justly complain at this course of equitable procedure, because he, in his own wrong as to the plaintiff, put his property, which he ought to have devoted to the satisfaction of the plaintiff's judgment, upon his homestead in such way as to confuse and confound the same with the homestead. He cannot be allowed to take advantage of his own wrong. The Court, in the exercise of its chancery jurisdiction, has ample power to reach his property within its jurisdiction subject to the payment of his debts, however situate or in whatever condition, and apply the same to such purpose in appropriate cases.

No doubt the Legislature might provide a statutory remedy to meet cases like the present one. That it has not seen fit to do so, cannot abridge the jurisdiction of a court of equity to grant such relief in the way we have indicated.

There is error. The judgment must be reversed and the demurrer overruled, and further proceedings had in the action in accordance with this opinion.

Error.