W. C. SAMPLE v. LEM JACKSON and W. L. THOMPSON, Sheriff of PASQUOTANK COUNTY, N. C.

(Filed 22 May, 1946.)

**Homestead § 9—**

> In bankruptcy proceedings homestead was allotted in certain lands, subject to a specified judgment. *Held:* As against this judgment there was no determination of the extent of debtor's homestead in the lands, and the judgment creditor was not remitted to reallotment of homestead either by suit in equity or by application to the clerk under G. S., 1-373, but could proceed by levy of execution and allotment of homestead.

Appeal by plaintiff from *Thompson, Resident Judge* of First Judicial District of North Carolina, in Chambers at Elizabeth City. From Pasquotank.

Civil action to restrain defendants, their agents, employees and servants from selling under execution certain lands described in the com-

plaint for that it is alleged that same is covered by existing homestead allotted to plaintiff. For other actions relating to judgment under which present execution issued, see 223 N. C., 335, 26 S. E. (2d), 876, and 225 N. C., 380, 35 S. E. (2d), 236.

The plaintiff here alleges in his complaint substantially these facts:

That on 19 October, 1932, plaintiff filed, in the United States District Court for the Eastern District of North Carolina, voluntary petition in bankruptcy and, in due course thereafter, was adjudged bankrupt; that in this bankruptcy proceeding there was allotted as his homestead that certain tract of land upon which he did then and does now reside in Mount Hermon Township, Pasquotank County, North Carolina, containing 110 acres, more or less, more particularly described as therein set forth; that said land was allotted to plaintiff as his homestead subject, however, to that certain judgment which was acquired by defendant, Lem Jackson, on 20 June, 1932, against the plaintiff for the amount of $1,000; that after execution issued upon said judgment had been levied upon said land, and after attempt to allot to plaintiff homestead in said land, defendant Lem Jackson caused the said land to be advertised on 29 November, 1945, for sale to the highest bidder for cash at the courthouse door of Pasquotank County, in Elizabeth City, N. C., on 31 December, 1945; and that the said attempted reallotment of homestead to plaintiff is void and of no effect for the reason that defendant Jackson has failed to comply with the requirements of the General Statutes of North Carolina, that is, G. S., 1-373. And upon these allegations plaintiff prayed judgment that defendants, their agents, employees, and servants, be permanently restrained from levying upon, advertising and selling said lands covered by homestead allotted as above set forth. Temporary restraining order was signed by judge resident of the district, with notice to defendants to appear and show cause, if any they have, why the relief demanded in the complaint should not be granted. Upon hearing on such notice, defendants moved for dissolution of the restraining order. The motion was allowed, and order dissolving the restraining order was signed.

Defendants appeal therefrom to Supreme Court and assign error.

*J. D. Winslow, J. W. Jennette, and John H. Hall for plaintiff, appellant.*

*Robt. B. Lowry and M. B. Simpson for defendants, appellees.*

WINBORNE, J. As determinative of this appeal the appellant states this question: "Where a judgment debtor's homestead has been allotted, can the judgment creditor have the homestead reallotted merely upon a

new execution or are the provisions of G. S., 1-373, mandatory and exclusive?"

This question is predicated upon the assumption that in present case judgment creditor is restricted to a proceeding for reallotment of homestead. If such were the case, it is true that the creditor would be required to pursue his remedy by an action in equity, as in *Vanstory v. Thornton,* 110 N. C., 10, 14 S. E., 637, or by application to the clerk of Superior Court under provisions of G. S., 1-373. See *McCaskill v. McKinnon,* 125 N. C., 179, 34 S. E., 273.

But such is not the case in the present action. Here it is not a matter of reallotment of homestead. The homestead which has been allotted to plaintiff, as he alleges in his complaint, was subject to the judgment under which defendant Jackson is proceeding. As against this judgment, there has been no determination of the extent of plaintiff's homestead in the lands in question. Hence, the judgment creditor had the right to proceed originally for allotment of homestead, which is not in conflict with decisions on appeals in former actions, *supra.*

Therefore, the order dissolving the injunction was properly entered. Affirmed.