SLAUGHTER and Others *v.* THE STATE, on the Relation of CHASE, Administrator of ROGERS.

*R. recovered a judgment before S., a justice, against A. R. was indebted to S., and told the latter to take the first money collected on the judgment and apply it on his debt. Afterwards, R. died intestate. The administrator of R. demanded of S. the money collected on the judgment, who refused to pay it over, but applied it on his debt. Held, that the authority of S. to so apply the money ceased on the death of R., and the money, being collected after R.'s death, belonged to his administrator.*

Tuesday, October 22.

APPEAL from the *Tippecanoe* Circuit Court.

BLACKFORD, J.—*The State* on the relation of *Chase*, administrator of *Rogers*, brought a suit in a justice's Court against *Slaughter*, a justice of the peace, and his sureties, on their bond. No plea was filed or required. Judgment by the justice for the defendants. The plaintiff appealed to the Circuit Court. The cause was submitted to the Circuit Court on the following facts:

On the 5th of *May*, 1846, *Rogers*, the intestate, recovered a judgment before said justice, *Slaughter*, against one *Archibald* and others for 64 dollars. On the first of *December* following, after an execution had issued on said judgment, *Rogers*, being indebted to said *Slaughter* about 40 dollars on a note, and being pressed by him for payment, told him, *Slaughter*, that he should have the first money collected on the judgment; that he had set the same apart for him, and he should have it. *Rogers* also

verbally authorized *Slaughter* to appropriate and apply said judgment when collected to said note. *Slaughter*, thereupon, at the request of *Rogers*, did not press him further for the payment of the note. On the 1st of *January*, 1847, *Rogers* died intestate; and, on the 20th of that month, *Chase* administered on his estate. On the 1st of *February*, 1847, *Chase* applied to *Slaughter* for the amount of said judgment, and finding it not collected, told *Slaughter* that when the same should be collected, he must pay it over to him, said administrator. On the 12th of *February*, 1847, *Slaughter*, as such justice as aforesaid, received on said judgment from the defendants therein the sum of 40 dollars—being 38 dollars over and above the costs. *Chase*, on the same day, after the 40 dollars were paid, demanded said 38 dollars of *Slaughter;* but he refused to pay the same or any part thereof to *Chase*, and applied the same to said note due to himself from *Rogers*.

The Court, on the above facts, gave judgment for the plaintiff.

We have no doubt but that this judgment is right. *Slaughter* had nothing but a verbal authority to apply the money, when paid on the judgment, to the payment of his debt. That authority ceased on the death of *Rogers*. The money being collected after *Rogers's* death, belonged to his administrator. The following are authorities on the subject: Where a power was given, coupled with an interest, namely, a power to a creditor to sell a share in a vessel, out of which he was to pay his own debt, it was held to be at once revoked by the death of the debtor who had given it. A power coupled with an interest, said Lord *Ellenborough*, cannot be revoked by the person granting it; but it is necessarily revoked by his death. How can a valid act be done in the name of a dead man? *Watson* v. *King*, 4 Camp. 272, S. C.—1 Stark. R. 121. And the same point seems to have been determined in a case in equity, where a power to a creditor to receive a debt, expressly for the purpose of liquidating the claim of the creditor, unaccompanied, however, by any actual as-

signment of the debt, or by any security to which the power might have been ancillary, was held to be revoked by the death of the principal. *Lepard* v. *Vernon*, 2 Ves. and Beam. 51.—Patey on Agency, 186.

*Per Curiam.*—The judgment is affirmed with 5 *per cent.* damages and costs.

*D. Mace*, for the appellants.

*H. W. Chase*, for the appellee.