Wood *v.* Wallace and Anther.

APPEAL from the *Marion* Common Pleas.

Gregory, J.—One *Coffman* was indebted to *Wood,* and to pay his indebtedness, the former assigned to the latter, without writing, so much of a judgment against one *Gaston* as would pay the same. The judgment was, by *Coffin,* placed in the control and under the management of *Wood,* who proceeded to issue execution thereon, and caused the money to be made by the sheriff, who paid it over to *Wallace,* the clerk of the court in which the judgment was rendered. In the meantime, *Coffin* died, and *Sullivan,* his administrator, refuses to recognize the assignment, and insists on the payment of the proceeds of the judgment to him. A demand was made on *Wallace,* at the clerk's office, by *Wood,* for the sum to which he is entitled under his assignment.

We think that this was, in equity, a good assignment to *Wood,* and vested in him the right to demand and receive from *Wallace* the money so due him. 2 Story's Eq. Jur. §§ 1044, 1047, and the authorities there cited. The case in judgment is clearly distinguishable from the case of *Slaughter et al.* v. *The State ex rel. Chase, Administrator of Rogers,* 2 Ind. 220. Under the statute then in force, *Slaughter* could not have been the assignee of the judgment on his docket as a justice of the peace. R. S. 1843, p. 915, § 318. But we are not prepared to give our assent to the doctrine, that a power, coupled with an interest, is revoked by the death of the person granting it.

The judgment is reversed, and the cause remanded to the court below, with directions to overrule the demurrer to the complaint, and for further proceedings in accordance with this opinion. Costs against the appellees.

*J. L. Ketcham,* for appellant.

*A. G. Porter* and *W. P. Fishback,* for appellees.