## OSTLER LAND & LIVESTOCK CO. v. BROUGH et al.

No. 6999.  Decided April 2, 1947.  (178 P. 2d 911.)

See 8 C. J. S. Bankruptcy, Sec. 503; 6 Am. Jur. 619; 17 Am. Jur. 96 et seq. Judgment "without prejudice" as estoppel, note, 149 A. L. R. 602.

*J. D. Skeen*, of Salt Lake City, for appellants.

*P. N. Anderson*, of Nephi, and *Oscar W. Moyle*, of Salt Lake City, for respondent.

WADE, Justice.

This is an appeal from a judgment setting aside as a fraud on creditors a conveyance and transfer without consideration of certain land and appurtenant water rights represented by stock in the Nephi Irrigation Co. These transfers were made by a judgment debtor, to whom this property

had been set aside as a homestead by a bankruptcy court in proceedings before it, to his wife and daughter respectively.

In 1935 a judgment was entered in the Third Judicial District Court in an action based on a promissory note in favor of the First National Bank of Salt Lake City against the defendant Barton Brough, one of the appellants herein, and others for the sum of $5933.49. By assignment in 1938, the Ostler Land & Livestock Co., respondent herein, became the owner of this judgment and on April 26, 1940, there was filed and docketed in the office of the Clerk of Juab County a transcript of this judgment. The property which is the subject of this suit was then standing in the name of Barton Brough in Juab County. On May 11, 1940, after this judgment was docketed in Juab County, Barton Brough filed a petition for debtor's relief in the Federal District Court under Sec. 203, sub. c, Title 11, U. S. C. A. and on November 15, 1940, an appraisal was made of all of Barton Brough's property to which Ostler Land and Livestock Company, respondent herein, filed objections on January 7, 1941. These objections came on for hearing on January 29, 1941, and respondent herein waived its objections to that part of the appraisal which pertained to certain livestock owned by Barton Brough, whereupon the hearing on the remaining objections was continued without date. Subsequently, in March, 1942, Barton Brough filed an amended petition in bankruptcy under Subsection s of Sec. 203, 11 U. S. C. A. and on April 4, 1942, the court approved the homestead exemption set aside by the conciliation commissioner, which exemption included all the property for which this suit was brought and which property was appraised in the bankruptcy court as being of the value of $3290 for the land and water rights appurtenant thereto.

On November 9, 1943, Barton Brough for no other than the recited consideration of $10 conveyed all his interest in the lands in question to his wife, Lucy Brough, and transferred his interest in 29 shares of water stock of the Nephi Irrigation Co. to Nveda Brough, his daughter, in December, 1943. This stock at the time of the transfer was pledged for

a debt on which there was due $393, which debt Nveda Brough subsequently paid off.

In August, 1944, respondent herein, petitioned the bankruptcy court for an order to show cause why a trustee should not be appointed to recover the bankrupt's estate and for a reappraisal of the property. When this matter came on for hearing in September, 1944, the entire proceeding with the consent of the bankrupt, Barton Brough and the respondent herein, was dismissed without prejudice, and on September 30, 1944, this suit was brought in the Fifth Judicial District Court of Utah to set aside the conveyance and transfer of the land and water stock as a fraud on creditors. When this case came on for trial, evidence was introduced that the land and water stock in question were worth considerably more in 1940 than its appraised value when set aside as a homestead exemption by the bankruptcy court and that at the time of the transfers of the properties they had greatly increased in value. The court as the trier of the facts found that the properties in question had been worth not less than $6500 on May 11, 1940, when the bankruptcy proceedings were filed and not less than $7850 on November 13, 1943, when the conveyance alleged to have been made in fraud of creditors was made.

The court found that the conveyance of the homestead was without consideration other than the recited $10 and the assignment of the shares of water stock was also without consideration but that it was subject to a lien of $353.02 in favor of Nveda Brough, who had paid that amount to the pledgee of the stock, and the court concluded as a matter of law that the conveyance of the land and the transfer of the water stock were invalid and should be set aside and that the dismissal by the bankruptcy court of the bankruptcy proceedings carried with it the order setting aside as exempt the property involved herein and therefore said proceedings did not free it from plaintiff's judgment lien. The court thereupon ordered the property sold and out of the proceeds, after costs of sales were deducted, that Nveda Brough's lien on the water stock be first paid, then the

amount of Lucy and Barton Brough's homestead exemption be paid to them, and then the respondent's claim be paid and the balance, if any, to be paid to Lucy and Barton Brough.

It is appellants' contention that the court erred in finding that because the bankruptcy proceedings were dismissed without prejudice that the order of the bankruptcy court setting aside the property involved herein as a homestead exemption was not a valid and subsisting order at the time of the conveyance and transfer of the property.

As a general proposition it may be stated that a dismissal of an action without prejudice does not operate as an estoppel or adjudication and ordinarily indicates that such a judgment affects no rights or remedies of the parties. See *Fiumara* v. *American Surety Co.*, 346 Pa. 584, 31 A. 2d 283, 149 A. L. R. 545, and annotation commencing on page 557. However, where it is apparent that it was the intent of the judicial act done, that it should be res judicata of the merit of the controversy, a dismissal without prejudice does not take away that effect in a subsequent suit between the parties. See *Fiumara* v. *American Surety Co.*, supra. See also notes to that case in 149 A. L. R. commencing on page 602 on the topic "Judgment 'without prejudice 'as estoppel.''

In the instant case an appraisement of Barton Brough's property had been made in the bankruptcy proceedings to which respondent had filed objections, upon which a hearing was held and on this hearing respondent had stipulated it waived its objections to the appraisement of certain cattle belonging to Barton Brough, but did not waive its objections to the appraisement of the property involved in this suit. The objections to the appraisement of that property were placed on the calendar to be heard on an undetermined date. Subsequently the conciliation commissioner approved the appraisal and set aside the homestead exemption, which order was approved by the bankruptcy court.

Title 11 U. S. C. A. § 203, subsec. s provides that if a farmer seeking debtor's relief fails to obtain the consent

of the majority of all creditors whose claims are affected by a composition or extension proposal, or if said farmer feels aggrieved by the composition or extension, he may amend his petition and ask to be adjudged a bankrupt, and may petition for an appraisement of all his property and the setting aside of his exemptions as provided by State law.

"* * * Upon such a request being made, the referee, under the jurisdiction of the court, shall designate and appoint appraisers, as provided for in this title. Such appraisers shall appraise all of the property of the debtor, wherever located, at its then fair and reasonable market value. The appraisals shall be made in all other respects with rights of objections, exceptions, and appeals, in accordance with this title: Provided, That in proceedings under this section, either party may file objections, exceptions, and take appeals within four months from the date that the referee approves the appraisal."

*In re Bumpass,* 23 F. Supp. 876, 878, the District Court, N. D. Texas, held that the appraisal made under the provisions of the above section 203, subsection ■ s is a final judgment after the attack period.

"* * * which may be overturned only as shown in subsection (3) of [sub-]section s, 11 U. S. C. A. § 203, [sub.] s (3), by the debtor, or, creditor, upon the happening of the event there outlined." (This refers to the provision for a reappraisement upon request when the debtor is ready to pay off his debts.)

In the case at bar objections had been filed against the appraisal before it was approved by the conciliation commissioner. From the fact that with these objections before him the conciliation commissioner approved the appraisal and the court ordered the homestead exemptions be set aside in accordance with his finding, we must infer that the objections were considered and decided against respondent. Respondent then under the provisions of the act had four months within which to appeal from such appraisal. This it did not do, but instead allowed it to become a final judgment. Thereafter, in August, 1944, it petitioned the bankruptcy court for the appointment of a trustee to recover the bankrupt's property and for a reappraisal. When this

petition came on for hearing, the bankruptcy proceedings, with the consent of the bankrupt, and the respondent herein, was dismissed without prejudice.

It is well settled that once a bankruptcy court has set aside the exempt property of the bankrupt, that property is no longer under the jurisdiction and control of the bankruptcy court, and its disposition becomes a matter of state law. See 11 U. S. C. A. § 24, note 142, commencing on page 344, and cases cited thereunder. But as long as the proceedings in bankruptcy court are extant, a common judgment creditor could not issue execution in the state court.

The respondent having allowed the setting aside of the exempt property by the bankruptcy court to become a final judgment and it then no longer being under the jurisdiction of the bankruptcy court, it is our opinion that the court erred when it held that the order of the bankruptcy court approving the appraisal and setting aside the homestead exemption was of no force and effect because the bankruptcy proceedings had been dismissed without prejudice.

However, the fact that the bankrutcy court's appraisal and setting apart of the homestead property was a final judgment even though the proceedings were later dismissed without prejudice it can have no effect on respondent's cause of action. The only effect that judgment had as far as we are concerned under the facts of this case, is to take that property out of the jurisdiction of the bankruptcy court, and make it again subject to the law of our state and the only question we have to determine is whether under our law, the bankruptcy court having appraised the property and having set it aside as a homestead exemption, was the respondent herein precluded from proving at a later date that the value of the exempt property had increased in value at the time of its transfers without consideration and that such transfers were a fraud on creditors?

Appellants contend that the security of a family to which a homestead exemption had been set aside would be destroyed

if creditors could attack the title to the property whenever the court or appraisers might fix a higher valuation on the exempt property, and cite *Gulley* v. *Cole,* 96 N. C. 447, 1 S. E. 520, in support of this contention. As we read that case the court did not hold that a setting aside of a homestead exemption was sacrosanct and that no change in its value could be shown thereafter. On the contrary, it held that under their Homestead Act a creditor could not ask for a reappraisement of the homestead exemption in the absence of fraud, complicity or other irregularity occurring on the setting aside of the homestead, unless he could show that the homestead property had greatly increased in value.

In the instant case the suit was brought for the purpose of setting aside the conveyance and transfer as a fraud on creditors and proof was made of the value of such property at the time of the transfers from which the court as the trier of the fact found that it was worth $7850 at that time. If the evidence was sufficient to sustain this finding it is apparent this is a great increase in value and a court would have been justified in finding that a transfer of it without consideration ,where such transfer caused the debtor to become insolvent, was a fraud upon creditors, and therefore setting it aside. However, the record disclosed that the only evidence from which the court could reasonably have found the property was worth $7850 at the time of the transfers was that which did not take into consideration the value of the debtor's wife's one-third inchoate interest in the property. Lucy Brough, one of the appellants herein and the wife of the debtor, was not a judgment debtor. There was no evidence that Barton Brough's interest in view of his wife's one-third inchoate interest was worth $7850 at the time of the transfers. Only one witness testified that the property encumbered with that type of interest probably would sell at about two-thirds of that amount. Others testified that propery burdened with that type of interest would not sell at all, or if it did sell, it would be for considerably less than two-thirds of the value they would put on it if there were no wife's inchoate

interest involved. The court therefore erred in finding that the value of the property transferred by Barton Brough was $7850 at that time. Without a finding based on competent evidence that Barton Brough's interest in the property at the time of its transfer, taking into consideration the value of the wife's one-third inchoate interest therein, had increased in value so that it was worth more than his homestead exemption, this court is unable to determine whether such conveyance and transfer was a fraud on creditors. If Barton Brough's interest in the property was greater in value than his homestead exemption at the time of the conveyance and transfer the court would have been justified in setting them aside as a fraud on creditors. The judgment creditor could thereupon have an execution issued and the property could be sold in accordance with the provisions of sections 38-0-14 and 38-0-15, U. C. A. 1943, which sections deal with the forced sale of a homestead where its value is greater than the exemption to which the debtor is entitled.

Although this is an equity action and this court has before it all the evidence introduced covering the value of the property, we nevertheless think that in view of the fact that the trial court very evidently did not pass on the value of the interest of the judgment debtor in the property but rather on the market value of the entire property without taking into consideration the effect of a wife's inchoate interest on such market value, we believe it would be best to send this case back for a new trial, to determine that issue in accordance with the opinion expressed herein. We also suggest that in view of the fact that there were separate transfers of the land and the water stock to different persons, that it would be well for the court to determine the value of each separately at the time of the transfer. It might be that one transfer was a fraud on creditors whereas the other might not have been.

Reversed and remanded for new trial in accordance with this opinion. Costs to appellants.

PRATT and LATIMER, JJ., concur.

McDONOUGH, Chief Justice.

I concur in the result. However, I am not persuaded that the lower court erred in holding that the order of the bankruptcy court approving the appraisal and setting aside the homestead exemption was, because of the dismissal of the proceedings, of no force and effect. I am of the opinion that under the facts of this case, where the debtor by amended petition asked to be adjudicated a bankrupt and subsequently voluntarily, with the consent of the creditor, procured a dismissal of the proceedings, the dismissal carried the entire matter, including incidental findings and orders, out of court, and left the debtor in the same position, in so far as affecting the rights of his creditors is concerned, as though no proceedings in bankruptcy had been initiated.

The dismissal under the circumstances, whether with or without prejudice, would have that effect. Such is the implication, if not in fact the holding, *In re Bean*, 6 Cir., 230 F. 405, 408, wherein the court said:

"The dismissal of the second petition in bankruptcy was not only voluntary, amounting only to that nonsuit which adjudicates nothing, but the meritorious point upon which the action of the court would have rested if that action had been invoked * * * did not involve and so could not have decided the question of partnership." See also, *In re Glory Bottling Co. of New York, Inc.*, 2 Cir., 283 F. 110.

Since I am of the opinion that the orders in the bankruptcy proceeding were not res judicata in the instant case the question before the court in my opinion was whether at the date of the conveyances by Brough, the properties were worth substantially more than his homestead exemption. I agree with the opinion of Mr. Justice Wade to the effect that the evidence does not support a finding that they were.

WOLFE, Justice, (concurring in the result).

I concur in the result. Our general homestead law as distinguished from the statutes referring to homestead in decedent's estates does not contemplate any proceeding to set aside the homestead. Our homestead exemption is an ex-

emption of real estate of specific value. It is immaterial whether the property claimed is actually the home. Under our statute the real test of the value of the property claimed as the homestead is whether or not the officer having the execution against the claimant can sell the claimed homestead for more than the amount of the exemption. Section 38-0-14 and 15, U. C. A. 1943. Preliminary appraisals are provided for in certain circumstances to protect the parties. Section 38-0-16, U. C. A. 1943. The underlying principle of the act is that as long as a creditor's right and power to pursue the debtor actively exists he can reach all the debtor's real property except so much thereof as is worth no more than the exemption *or* the amount of the exemption in cash obtained from the sale of the claimed homestead. Under our law successive executions may be levied against the claimed homestead by the same judgment creditor for the same debt and if that property can be sold at any time while it belongs to the homestead claimant and while the execution and judgment are operative for more than the amount of the exemption the judgment creditor is entitled to have the excess applied on his judgment. The fact that no bid in excess of the exemption is obtained at an attempted execution sale does not prevent the issuance of another execution at a later date and the liquidation of the property at that time if a bid of more than the amount of the exemption is there obtained.

In the case at bar the bankruptcy proceedings did not affect the plaintiff's judgment against the defendant. That judgment was taken under the jurisdiction of the bankruptcy court but when the proceedings were dismissed without prejudice the judgment emerged therefrom the same as it has been before the proceedings were commenced. The creditors were not barred from pressing their claims.

As I view this case it is immaterial whether or not the determination by the bankruptcy court of the value of the homestead there set aside to defendant is binding on these parties and I, therefore, express no opinion on that question. If it were binding it does not prevent the judgment creditor

at a later date from executing against the premises and trying to sell them for more than the amount of the exemption and so satisfy at least part of his judgment. If the proceedings in the bankruptcy court were not final and binding, execution could issue on the property here involved and the value of that property in excess of the exemption, would be applied on the judgment.

If the defendant had still owned the property involved at the time of this suit it is clear that the plaintiff judgment creditor by executing on his judgment could have forced the offering of that property for sale and if it could have been liquidated for more than the amount of the defendant's exemption the excess would be available for the judgment creditor.

The sale of the property to the wife of the defendant was for substantially less than the value of the property and apparently said sale left the defendant insolvent. If the judgment creditor can prove that the property claimed as the homestead could have been sold on execution for more than the amount of the homestead exemption at the time it was conveyed by the judgment debtor the judgment creditor is entitled to have the conveyance set aside as a fraud on creditors. If at the time of the conveyance to the defendant's wife the property could not have been sold for more than the amount of the homestead exemption the plaintiff is not entitled to have the conveyance set aside because even though the consideration for that conveyance was substantially less than the value of the property the judgment creditor was not injured by that sale.

I agree with the disposition of the case and the reasons given by Mr. Justice Wade for sending it back for a new trial to determine the value of the property—that is, the price for which it could have been sold—at the time of defendant's conveyance to his wife.