**MADISON AND PENNINGS, INC.,**
Appellant,

v.

**FOUNDATION ENGINEERING COM-PANY, Inc., Appellee.**

No. 14570.

Court of Civil Appeals of Texas.

Houston.

April 29, 1965.

Paul E. Delcourt, Jr., Houston, for appellant.

Hugh E. McGee, Jr., Houston, for appellee.

BELL, Chief Justice.

On June 19, 1964, appellee recovered judgment against appellant for debt in the amount of $21,925.00 plus an attorney's fee in the amount of $5,000.00. The judgment was an agreed one. The judgment also decreed foreclosure of a "labor lien" against certain real estate and improvements owned by Pleasant Grove Charitable Foundation, Inc.

On June 18, 1964, the following letter agreement was entered into between the

attorneys for appellant and appellee, acting for and on behalf of their clients:

"You have agreed and stipulated in the judgment to be entered in the above captioned cause that Foundation Engineering Company, Inc. is entitled to the recovery of attorney's fees in the amount of $5,000.00. In consideration of your having agreed to the allowance of attorney's fees as aforesaid, we have agreed and do hereby affirm our agreements with you as follows:

"1. If Foundation Engineering Company, Inc. sells the judgment to a third party or obtains satisfaction from any source other than Madison and Pennings, Inc., then, in such event, we will release Madison and Pennings from any liability for attorney's fees prior to making any assignment of the judgment.

"2. If it should become necessary to enforce the judgment against Madison and Pennings, Inc., it is to pay the sum of $1,500.00 as attorney's fees within ninety days from date demand is made upon it for satisfaction of the judgment, and the balance of the attorney's fees shall be payable only if as and when Madison and Pennings, Inc. shall have recovered judgment against Plez Lewis and Sons, Inc. in suit presently pending in the 164th District Court, Cause No. 638,234. The amount of attorney's fees to be paid over and above the $1,500.00 shall be that part of the total amount of attorney's fees recovered in such law suit that bears the same proportion as the amount recovered in such law suit representing work done by Foundation Engineering Company, Inc. bears to the total recovery in such law suit, exclusive of attorney's fees and interest.

"3. It is further agreed that if Foundation Engineering Company, Inc. elects to sell or assign the judgment in consideration of the payment to it of less than the face amount of such judgment, that the assignment will be made in form and manner so as to release Madison and Pennings, Inc. from any liability for attorney's fees provided for in the judgment."

On August 3, 1964, appellee executed a release of the judgment in favor of Pleasant Grove Charitable Foundation, Inc. and the release recites the judgment has been paid by Plez Lewis and Son, Inc., and that the judgment is released only as to the Foundation. It is expressly stated there is no release of the judgment against appellant. It is then provided that "for and in consideration of the payment by Plez Lewis & Son, Inc., above mentioned, the undersigned does hereby ASSIGN, TRANSFER AND SET OVER unto the said Plez Lewis & Son, Inc., an interest in the above described judgment to the extent of the sum of $21,200.00."

With affairs in the above state, appellee obtained a writ of garnishment directed to South Texas Building Company, which was indebted to appellant in the sum of $2,461.-42.

The trial court rendered judgment awarding the garnishee an attorney's fee of $750.00, and then the judgment provided that the balance after deduction of this fee and costs in the garnishment proceeding should be applied on the interest in the judgment held by appellee the judgment creditor. Appeal is here from this judgment.

The effect of the judgment was to hold that appellee still owned an interest of $725.00 in the judgment and that appellant owed this amount and an attorney's fee of $1,500.00.

Appellant concedes the judgment is correct as to the $725.00 but says because of the above letter agreement and the assignment of the interest in the judgment to Plez Lewis & Son, Inc., he is released from all liability for an attorney's fee recovered

in the original judgment. Appellee contends that the effect of the letter agreement and his retention of an interest in the original judgment is to leave appellant liable for $1,500.00 of the $5,000.00 attorney's fee recovered in the original judgment. Appellee's position is, therefore, that paragraph 2 of the letter is applicable.

The record, apart from the briefs of the parties, is very uninformative concerning the surrounding facts and circumstances. We take it, however, that we may notice certain facts which the parties in their briefs and oral argument agree on.

Plez Lewis & Son, Inc. was the general contractor on building improvements for Pleasant Grove Charitable Foundation, Inc. Appellant was a sub-contractor under Lewis & Son and appellee was a sub-contractor under appellant. The debt appellant owed appellee represented work done on the job by appellee. The above we get from the briefs and argument of counsel. Lewis & Son apparently owed appellant for work appellant and appellee, appellant's sub-contractor, did, or at least appellant was asserting a claim because as reflected by paragraph 2 of the letter appellant had a suit against Lewis & Son and his suit included money owed by appellant to appellee. Because of the recital in the release to the Foundation that Lewis & Son had paid some money so the Foundation was released, and the subsequent recital that an interest in the judgment against appellant to the extent of $21,200.00 was assigned to Lewis & Son we reach the conclusion that Lewis & Son paid $21,200.00 to obtain a release of the lien of the judgment and this was out of funds it had not paid to appellant but which appellant was claiming. We think such is a fair inference.

We are of the view that paragraph 1 of the letter envisions a sale and assignment of the full amount of the judgment less the attorney's fee or a payment of the full amount of the judgment, less the

attorney's fee, by a third party. Apparently here payment by Plez Lewis & Son is contemplated, because the record shows Lewis & Son to be the only likely third party who might have an interest in paying the judgment. In any event, non-liability for any attorney's fee appears under this paragraph to be dependent on a transfer of the whole judgment, less the attorney's fee, or satisfaction of the whole judgment by a third party, less the attorney's fee.

Paragraph 3 also means that if the whole judgment, less the attorney's fee, is transferred, but in consideration of less than the full amount, then there will be no liability to appellee for the attorney's fee. Here appellee carefully preserved a $750.00 interest.

Here there was a sale of only an interest in the judgment. We would only engage in speculation if we sought to state why. Suffice it to say there is no charge of a want of good faith or fraud. We cannot tell what might lurk in the background because of the incompleteness of the record.

It is permissible to transfer only an interest in a judgment. Great American Indemnity v. McMenamin, 134 S.W.2d 734 (CCA), dism., judgment cor.

Having held that paragraphs 1 and 3 are inapplicable, we look to paragraph 2. Here it is contemplated that where the judgment is not disposed of by appellee under paragraphs 1 and 3, but satisfaction must finally be obtained by resort to appellant, then a $1,500.00 attorney's fee only will be paid unless recovery is obtained by appellant in its suit against Lewis & Son. While we do not know what has happened to that suit, by the admission made in appellee's reply to the motion to quash, it claims only a $1,500.00 attorney's fee and what additional attorney's fee would be owed, if the suit against Lewis & Son were prosecuted to judgment we need not determine.

The judgment of the trial court is affirmed.