Eldon P. BILLINGS, Plaintiff
and Appellant,

v.

Weldon H. BROWN and Gerda H.
Brown, Defendants and
Respondents.

No. 17348.

Supreme Court of Utah.

Dec. 23, 1981.

Daniel A. Stanton, Stephen L. Johnston, Salt Lake City, for plaintiff and appellant.

Dennis L. Draney, Roosevelt, for defendants and respondents.

HOWE, Justice:

Plaintiff appeals from an order quashing his execution upon a judgment on the ground that the execution had not been issued within eight years after he had obtained the judgment.

Plaintiff recovered a judgment against the defendants in the district court of Uintah County on December 9, 1970. As authorized by statute, the judgment was thereafter docketed in Duchesne County. Plaintiff's counsel allegedly mailed a form designated "Execution" to the clerk of the district court of Duchesne County on November 29, 1978 with the request that she sign and issue the same. Due to a clerical error, the form contained the heading "District Court of Salt Lake County" rather than "District Court of Duchesne County." The clerk in Duchesne County observed the error and returned the form to plaintiff's counsel.

Plaintiff's counsel allegedly corrected the error and re-submitted the execution. It was again returned to him because of a further error in the form which recited that the judgment had been rendered in Duchesne County instead of in Uintah County. Counsel remedied the second error and forwarded to the clerk the corrected form. She issued the execution about January 11, 1979 and on March 23 the Duchesne County

sheriff received the execution and served it upon the defendants on April 29.

The defendants obtained an ex parte order staying the execution and filed a motion to quash it. A memorandum of points and authorities was submitted by counsel for each of the parties on whether that motion should be granted. Counsel agreed that they would not orally argue the motion to the court, but that it would be submitted on their memoranda, pursuant to Rule 2.8, Rules of Practice of the District and Circuit Courts.

On July 14, 1980, no ruling on the motion had been made by the court. Counsel for the plaintiff wrote to the district judge with regard to the status of the case and inquired if there was any additional information the court needed to make its decision. On July 28, a Notice of Oral Argument from the district court was mailed to each counsel stating that oral arguments on defendants' motion would be heard on August 11. In response to that notice, counsel for the plaintiff wrote to the district judge requesting that the motion be submitted on the basis of the pleadings and memoranda of both parties which had already been submitted. He concluded his letter by stating, "Please let me know if this is satisfactory, or if you desire oral argument." There was no reply from the court to this letter. The next communication received by counsel for the plaintiff was a miscellaneous minute entry dated August 11, indicating that the defendants' motion had come before the court for oral argument and that plaintiff was not present or represented, that defendants were represented by counsel, and that the motion quashing the execution was granted.

On August 19 plaintiff filed a verified motion to vacate the order quashing the execution setting forth the facts that he did not make a personal appearance to argue the motion because it had been agreed between the parties that the case would be submitted without oral argument. He further requested an order setting a time for a hearing wherein he would have the opportunity to argue the merits of his motion to vacate. The district court denied plaintiff's motion without hearing argument and he brings this appeal.

■ The plaintiff contends that the district court erred in its refusal to allow the plaintiff "an opportunity to argue the merits of his case." He apparently claims prejudice arising out of the hearing on August 11 because he was not present but defendants' counsel was there. However, it appears that defendants' counsel did not make any oral argument. The case was decided by the district court on the basis of the memoranda submitted by both counsel, as was the plaintiff's original desire. Furthermore, the district judge set the motion for oral argument only to allow plaintiff an opportunity to present testimony showing that the statute of limitations had been tolled. Plaintiff does not claim he had any such testimony to offer. Indeed, as will be seen hereafter, his position is that as a matter of law he could have the execution issued after the eight years had expired. Thus plaintiff could not have been prejudiced by not being present and we find no abuse of discretion by the court below.

The plaintiff next assails the order of the court quashing plaintiff's execution. We recently had occasion to reiterate that Rule 69(a), Utah Rules of Civil Procedure, requires that a writ of execution issue on a judgment within eight years after its entry. *Gilroy v. Lowe*, Utah, 626 P.2d 469 (1981). Plaintiff acknowledges that he failed to comply with that rule, but argues that because it was due to a clerical error in stating on the form of writ that the judgment had been rendered in Duchesne County instead of Uintah County, he is granted an additional year in which to obtain the writ under § 78–12–40, Utah Code Ann. 1953. That section provides:

If any action is commenced within due time and a judgment thereon for the plaintiff is reversed, or if the plaintiff fails in such action or upon a cause of action otherwise than upon the merits, and the time limited either by law or contract for commencing the same shall have expired, the plaintiff . . . may com-

mence a new action within one year after the reversal or failure.

Plaintiff argues that he commenced his action to enforce his judgment within eight years from its entry in Uintah County, and that his action failed "otherwise than upon the merits" within the meaning of § 78–12–40. Further, he argues, he initiated a new cause of action in January of 1979 when the execution was finally issued, well within one year after the failure of his first attempt.

■ The plaintiff has misperceived the purpose of § 78–12–40. It does not apply to writs to enforce judgments. It deals exclusively with the commencement of a new action after the first action has failed or the judgment thereon has been reversed. The plaintiff's judgment was never reversed, his first action did not fail and he did not attempt to commence a second action against the defendants. Clearly, § 78–12–40 does not apply in this fact situation and avails the plaintiff nothing.

The judgment below is affirmed. Costs are awarded to the defendants.

HALL, C. J., STEWART, J., and VeNOY CHRISTOFFERSEN, District Judge, concur.

OAKS, Justice (concurring specially):

I concur in the first portion of the Court's opinion, concluding that the district court committed no error in taking action on August 11th without appellant's counsel being present. I also concur in affirming the order quashing appellant's execution, but for reasons different from those stated by the Court.

I disagree with the Court's conclusion that U.C.A., 1953, § 78–12–40 "deals exclusively with the commencement of a new action after the first action has failed or the judgment thereon has been reversed." In *Thomas v. Braffet's Heirs*, 6 Utah 2d 57, 305 P.2d 507 (1956), we interpreted that section broadly. Its specific reference to "plaintiff" was interpreted to apply to "any party who affirmatively seeks relief, as did the defendants here . . . ." 6 Utah 2d at

62. That ruling was motivated by what this Court referred to as the legislature's clear intent "that anyone who had a cause in litigation which was dismissed for some reason 'otherwise than upon the merits' should have a reasonable time, which it set as one year, to reassert and attempt to establish his rights in court." *Ibid.* Consistent with that purpose and that precedent, section 78–12–40 should apply to a litigant who seeks to enforce a judgment by a writ of execution within the eight-year period specified in Utah R.Civ.P. 69(a), and is denied the requested relief "otherwise than upon the merits . . . ."

Appellant fails on this appeal because the record does not show that he applied for the writ of execution by December 9, 1978, eight years after the entry of judgment. Appellant's assertion that he applied in November, 1978, appears in his brief on appeal, but the only references in the record to a timely application are (1) an assertion in an unsigned and unsworn Memorandum of Points and Authorities, and (2) a certificate by a secretary to respondent's counsel that she mailed appellant's counsel a number of documents, including an "Execution (Dated December 9, 1978)." This statement in the certificate was disavowed on oral argument as a clerical error. Neither of those sources meets the requirement of "proceedings" or "evidence" for purposes of the record on appeal. Utah R.Civ.P. 75(a).

Appellant has failed to provide the necessary record facts by which this Court can determine the merit of an appeal that rests on a determination of fact. We must therefore presume that the district court had a sufficient factual basis for its action. *Goodman v. Wilkinson*, Utah, 629 P.2d 447 (1981). For this reason I concur in affirming the judgment.